UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JASON LANCASTER,

        Plaintiff,                        **MEMORANDUM AND ORDER**
                                                    11-CV-4855 (RRM)
    - against -

ERIC SCHNEIDERMAN, Attorney General of the
State of New York; THE NEW YORK SUPREME
COURT,

        Defendants.
------------------------------------------------------------X
ROSLYNN R. MAUSKOPF, United States District Judge.

       Plaintiff *pro se* Jason Lancaster, currently incarcerated at Rikers Island, brings this action pursuant to 28 U.S.C. § 2403 challenging New York State Penal laws §§ 165.40, 140.20, 155.25, 140.25 and 140.05, under which he is charged. The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. For the reasons set forth below, this action is dismissed.

**STANDARD OF REVIEW**

       In reviewing plaintiff's complaint, the Court is mindful that because plaintiff is proceeding *pro se,* his submission should be held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (citations omitted); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *McEachin v. McGuinnis*, 357 F.3d 197 (2d Cir. 2004). Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or employee of a governmental entity." 28 U.S.C. § 1915A. Upon review, a district court shall dismiss a prisoner complaint *sua sponte* if

the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

## DISCUSSION

Plaintiff states that he is being held at Rikers Island, having been charged with, *inter alia*, Burglary in the Second Degree under New York State Penal Law § 140.25. Plaintiff alleges that the allegations against him are false. Plaintiff is not entitled to seek this Court's intervention in an ongoing criminal proceeding. In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that the district court could not enjoin an ongoing state prosecution, regardless of whether the law under which the plaintiff was being prosecuted was constitutional, citing, *inter alia*, the federalism principles central to the United States Constitution. The Second Circuit has held that "*Younger* abstention is appropriate when: 1) there is an ongoing state proceeding; 2) an important state interest is implicated; and 3) the plaintiff has an avenue open for review of constitutional claims in the state court," *Hansel v. Town Court for the Town of Springfield, N.Y.*, 56 F.3d 391, 393 (2d Cir.), *cert. denied*, 516 U.S. 1012 (1995), unless plaintiff can show extraordinary circumstances to warrant intervention in the ongoing proceeding.

Here, the criminal case against plaintiff is still pending. Moreover, New York has an important state interest in enforcing its criminal laws and plaintiff is free to raise his constitutional claims in the pending criminal proceedings. *Kugler v. Helfant*, 421 U.S. 117, 124 (1975) ("ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights."); *Schlagler v. Phillips*, 166 F.3d 439 (2d Cir. 1999) (*Younger* abstention applied to dismiss complaint alleging violation of criminal defendant's constitutional rights). Plaintiff fails to allege any facts that would bring his case

within any exception for extraordinary circumstances. Accordingly, plaintiff's constitutional claims regarding his pending criminal case must be dismissed.

Because the Court did not consider whether the state law is constitutional, the Court declines to certify this question to the Attorney General of the State of New York pursuant to 28 U.S.C. § 2403. *Johnson v. Artuz*, 182 F.3d 900 (2d Cir. 1999); *Romaine v. Rawson*, No. 99-CV-603, 2004 WL 1013316, at *2 n.1 (N.D.N.Y. May 6, 2004).

## CONCLUSION

Accordingly, this action is DISMISSED pursuant to 28 U.S.C. § 1915A. The Clerk of Court is directed to enter judgment accordingly, and to mail a copy of the judgment, together with this Memorandum and Order, to plaintiff. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
       February 29, 2012

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge